Judge Undeuwood,
delivered the opinion of the court..
We have rarely examined a record ■which presented the merits of the controversy and rights of the parties in a more unsatisfactory manner than the present. In the reference to the Auditor, the court should have-directed him to ascertain the amount expended by Purdee, as well as the complainant. It was erroneous to take it for granted, that Purdee had expended $>115 08, in relation to the partnership, without proof; upon the ground that, the cross bill was taken for confessed. There was no cross bill pending. Pardee only desired that his answer might be considered a cross-bill, in case court should be of opinion, that he and the complainant were partners. This contingency destroy ed the efficacy of the answer as a. cross-bill, because the complainant could not tell whfh it was proper to spond to it. Besides it does not appear from any allegation, or from the nature of the business, that (be amount of Purdee’s expenditure was within the knowledge of the complainant,Huston..
The partnership established, if. any should be con-sid'eved as proved, was one to apportion and bear the expense of the voyage, according to the interest bf the parties in the cargo. The original bill is silent on the subject. The original answer states the articles composing the cargo, and how owned. The amended bill says, 1-3 only of the cargo was owned *252 by the complainant,and this is proved by one witness^ but neither the complainant in the amended bill nor the witness, make any specifications of arlicles or quantities,and it is clear that there was no joint ownership of tíre same articles. The parties were to make their adveutures upon their own accounts separately in such articles as they might think proper to ship in a common, boat. It is therefore, our opinion, that the statement of one witness only, and he the brother of the complainant, ought not to countervail the statements made in the answer, and thereby secure to the-complainant 2-3 of the amount expended by him. But it seems the court designed to award to the complainant only half his claim. Upon the proof he was entitled to 2-3, if any thing. As the accounts, .were settled by the auditor, and- sanctioned by the court, the complainant was neither allowed to recover a half or a third of his expenditures. The complainant alleged he had spent for the concern $221 83, The defendant alleged he had spent on the same account $115 08. In the settlement both, these claims were allowed, thus making the whole expenditure $33.6 91. If Purdee was bound to pay 2-3 of it, then he should have paid $224 61, and the difference, between this sum and $.1 15 08, which the court take it he paid, would-be the amount he should pay to the complainant. If, however, the partners were to defray the expences equally, then each ought to have contributed $168 45 1-2 cents, thus leaving a balance against Pardee after deducting the $115 08, of $53 37 only, from which, (if be is to be allowed any thing for the sale of the boat,) the $20 claimed on that account should be deducted, thereby reducing the balance against him to .$33 37. But instead of settling th| accounts in either of those modes, the auditor put the amount expended by Pur-dee, the $20 received by Samuel Huston for Pur-dee’s part of the boat, and the debt due Purdee by Samuel Huston together, and those sums added, made an aggregate exceeding the expenditure of the complainant of $28 40 1-2 cents, ior which the injunction was dissolved with damages! The complainant obtained an order injoining and restraining the payment of a debt which Samuel Huston and the complainant, as surety, for said Samuel owed Pur- *253 dee, and prayed in his bill that this debt might be subjected to tue satisfaction of his claim for expenditures on the voyage. With this view, it was necessary to make Samuel Huston a party, it was not done. In the present attitude of the case, the evidence to establish the existence of the partnership is not satisfactory, but upon this point we shall not comment, as we intend to give the parties further opportunities for preparation, owing to the errors which have been committed against both.
Rudd, for Purdee’s administrator; Denny, (or Plus-ton.
Wherefore, the decree is reversed, and the cause remanded-for further preparation and proceedings, not inconsistent with this opinion. Each party in this court must recover costs upon his writ of error against his adversary.